Bradbury, C. J.
The cause was tried to a jury and a verdict returned for the defendant in error against plaintiff in error and three others, James Casey, Michael Casey and Barney Casey. A motion was made for a new trial by all the defendants in the court of common pleas which was overruled and judgment rendered on the verdict. Thereupon a bill of exceptions was taken which embodied all the evidence and the charge of the court. The cause was then taken to the circuit court on error and the judgment reversed as to the three Casey’s on the ground that the evidence was not sufficient to sustain the verdict and judgment *311 against them, but was affirmed against the plaintiff in error, Charles Vincent, who brought the cause to this court to obtain a reversal of the judgment as to him. The bill of exceptions, while it shows that some controversy was had at the trial over what occurred on a number of occasions in respect of the losses that the husband of defendant in error suffered during his visits at the place where the gambling complained of was conducted, yet no substantial controversy was had over any fact material to her recovery, provided her cause of action falls within the provisions of section 4271, Revised Statutes, and whether it thus falls or not is the only question in the case entitled to serious consideration.
The petition as amended reads as follows:
The plaintiff says, that on or about November 23, A. D. 1884, she was married to one George W. Taylor, with whom she has ever since lived, and upon whom she was wholly dependent for support and maintenance.
That the said defendants from the first day of December, A. D. 1887, continuously to and including the twelfth day of August A. D. 1888, were the keepers of a certain place in the town of Washington, Payette county, ■ Ohio, used by them for gambling purposes, and in which place during the days and times aforesaid they conducted and allowed various schemes of gambling in which schemes of gambling the said defendants had an interest.
That during the days and times aforesaid, the said George W. Taylor on said schemes of. gambling, in said place so kept by defendants and in which schemes of gambling the said defendants were interested, expended and paid the sum of two *312 hundred dollars, which sum was there by said G. W. Taylor paid to and received by said defendants. For which sum of two hundred dollars, together with five hundred dollars exemplary damages as provided for by law, the said defendants are indebted to this plaintiff.
Wherefore plaintiff prays for a judgment against said defendants for the sum of seven hundred dollars, the amount so expended and her damages aforesaid.
There are two sections of our statutes under which money lost at gambling, or expended on account of gambling may be recovered — sections 4270 and 4271. The former section is in the following terms:
“If any person, by playing at any game, or by means of any bet or wager, loses to any other person any sum of money or other thing of value, and pays or delivers the same, or any part thereof, to the winner, the person who so loses and pays, or delivers may, at any time within six months next after such loss and payment or delivery, sue for and recover the money or thing of value so lost and paid or delivered, or any part thereof, from the winner thereof, with costs of suit, by civil action founded on this chapter, before any court of competent jurisdiction.” The latter section reads as follows: “A person who expends any money or thing of value, or incurs any obhgation for the purchase of or to procure any lottery or policy ticket, hazard, or chance, or any interest therein, in or on account of any lottery, policy, or scheme of chance, or in or on account of any game of faro, pool or combination, keno, or scheme of gambling, and any person dependent in any degree for support upon, or entitled to the earnings of such *313 person, and any citizen for the use of the person so interested, may sue for and recover, from the person receiving such money, thing of value or obligation, the amount thereof, together with exemplary damages, which in no case shall be less than fifty nor more than five hundred dollars, and may join as defendants in such suit all persons having any interest, direct or contingent, in such lottery, policy, or scheme of .chance, or the possible profits thereof, as backers, venders, owners, or otherwise.”
The petition does not state that the husband of the defendant in error played any game or made any bet or wager with the plaintiff in error and the Casey’s or either of them. The operation of section 4270, Revised Statutes, is confined to instances where, by playing some game or by some bet or wager, one person has won of another, money or other thing of value, and the action it authorizes is to be directed against the winner. Further yet, a wife is not by the terms of that section given a right of action at all. Her right to maintain an action for money, etc., lost in the manner mentioned in that section depends upon the provisions of a succeeding . section 4273, Revised Statutes, and did not accrue to her until the conditions prescribed by the latter section had happened. The plaintiff below did not attempt in her petition to show that such conditions had occurred. It seems to us, therefore, that the petition did not state a cause of action that fell within the provisions of section 4270, Revised Statutes.
Section 4271, Revised Statutes, was enacted long after section 4270 had been in force, and it seems clear that its chief object was to provide a remedy for other instances of money lost at gaming than *314 was afforded by the earlier section, by reaching a class of persons who, although they did not participate in a game played for money, etc., nor were parties to a bet or wager, nevertheless, promote the evils of gaming by affording the means by which schemes or games of chance for money could be indulged in or played by others. The averments of the petition manifest an intention on the part of Mrs. Taylor to invoke the provisions of the later section (4271) of the statute, and to seek a remedy on account of money lost by her husband at play, not against those who may have won it, but against those who promoted the game at which he played. She avers that the defendants below kept the house for gambling purposes and conducted therein various schemes of gambling and that they received from her husband the sum of $200 which he expended and paid to them on such schemes. The language of section 4271 in as far as it relates to the matter in hand is as follows: “A person who expends any money or thing of value” * * * “in or on account” * * * “of any scheme of gambling, and any person, dependent in any degree for support upon” * * * “the earnings of such person” etc. * * * “may sue,” etc. * * * “the person receiving such money,” etc.
The averments of the petition we think brought the transaction complained of within both the letter and the spirit of section 4271, Revised Statutes before recited. The petition was, therefore, sufficient to show a cause of action in her and against the defendants below.
A motion was made to require the petition to be made more definite and certain (among other things) in that it state “the nature and kind or *315 kinds of schemes of gambling in which he (the husband) expended the amount of money.”
The court of common pleas overruled the motion.
This was not error. The defendants were sufficiently apprised of the nature of the evidence that would be introduced to support the petition. The husband may have played at one scheme one day and another scheme another day, or he may have played at different schemes the same. day. The period named in the petition during which he played extended over many months, and the difficulty the wife would encounter specifying the different g-ames or schemes in operation from time to time is apparent. If gambling schemes were conducted by the defendants below on premises occupied by them, of course the kind and character of such games were better known to them than to the wife, and we think under the circumstances an averment in the terms employed in the petition should be regarded as sufficiently definite that the defendant could not have been injured by its generality.
The remaining question and really the only one about which much difference of opinion could arise relates to the sufficiency of the evidence to bring the gambling transaction in question within the scope of section 4271, Revised Statutes. The evidence must show that the husband of the plaintiff below expended and the plaintiff in error received money on account of “a scheme of gambling,” or no recovery could be bad under this section.
The greater part of the evidence produced at the trial was introduced either to show that gambling was being conducted in the room by the plaintiff in error, Vincent, or the sums of money lost there by the husband of Mrs. Taylor.
*316 That gambling was carried on in the room in question and that it was occupied by the plaintiff in error, Vincent, was not contested at the trial, and upon the evidence it seems quite clear that Mrs. Taylor’s husband played there frequently, and although sometimes winning, more often lost; but the aggregate loss he suffered was left uncertain. The question whether he won or lost is not, according to the view we have taken of section 4271 at all material, for as we construe that section it is not necessary to a recovery thereunder that money, etc., should have been lost at gambling. Take, for instance, the case of the purchase of a lottery ticket, it is not essential to recover against the party who sold and received the money for the ticket, that the ticket should have failed to draw a prize, and therefore the purchaser lost on account of the transaction. It is enough if the person to be charged received money or something of value in exchange for the ticket, and the recovery in such ease should be for the amount he had expended for the ticket together with the penalty provided in the statute. The same principle applies in the case before us. The material inquiry in this connection is, did the plaintiff in error, Vincent, receive money which Mrs. Taylor’s husband had expended on account of a scheme of gambling? The evidence is sufficient to show that during the period covered by the complaint of Mrs. Taylor that gambling in the forms of faro and poker was conducted in the room in question. The evidence also shows that usually at least money itself was not used for making bets on the games, but instead that “chips” or “counters” were used for that purpose. These “chips” or “counters” were flat circular pieces like *317 large smooth buttons without eyes, and made of ivory or some substance resembling ivory. They were of different colors, red, white and blue. They had but slight instrinsic value, not much greater then that of the pasteboard which is used for printing lottery tickets. They have, however, a representative or conventional value, that the players in the games agree shall be placed upon them which was usually fifty cents for blue ones, twenty-five cents for red ones, and ten cents for white ones. The evidence shows that the players, Mrs. Taylor’s husband among them, for the purpose of engaging in gambling games or schemes conducted in the room in question, bought these chips of the plaintiff in error pajdng him for them the amount they would represent in the game. Whenever one of the players quit the game the plaintiff in error would redeem or buy back at the same price he had sold them, whatever chips the player then had. If the quitting player had won he had more chips and of course received more money than he had paid out in the beginning. If he had lost his chips were fewer and he would receive less than the had paid out. It is evident in his course of dealing with the players that plaintiff in error neither won nor lost. He simply furnished to the players the means to conveniently play with each other, but did not participate in the game himself. True the evidence discloses that he occasionally played, and if he did play, like other players might win or lose according as his skill or luck compared with that of other players.
However we are not dealing with him as a player, but with him as one who furnished the means of playing. These “chips” were sold in “stacks,” and according to the evidence of Mrs.Taylor’s husband, *318 twenty of them constituted a stack generally valued at two dollars. Whenever the plaintiff in error sold a “stack” of chips or any other number to the husband of the plaintiff below to be used by the latter in one of the gambling schemes in progress in the room in question, the purchaser should be deemed to have expended the money paid for those chips, and the plaintiff in error should be regarded as having received it on account of a scheme of gambling within the meaning of section 4271, Revised Statutes. The evidence was such that the jury might have found that the loss suffered by the defendant in error at the room in question during the period covered by the petition would aggregate several hundred dollars, but the proportion of this sum that was expended in purchasing chips, etc., was left in uncertainty. If, however, any part of it was thus expended, that would be sufficient to bring the transaction as to such part within section 4271, Revised Statutes. An inspection of the evidence discloses that it tends to show that at least a portion of the money was thus expended, which is sufficient to entitle Mrs. Taylor to relief under that section (4271), leaving the amount to be determined by the jury.

Judgment affirmed.